## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| John McMorrow Jr., on behalf of himself and all others similarly situated, | |
| Plaintiff, | CASE NO. |
| v. | CLASS ACTION COMPLAINT |
| RocketOffr, LLC d/b/a Realteeoffers.com, | <u>JURY TRIAL DEMANDED</u> |
| Defendant. | |

## CLASS ACTION COMPLAINT

### Nature of this Action

1. John McMorrow Jr. ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against RocketOffr, LLC d/b/a Realteeoffers.com ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(a)(2) by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

3. Additionally, upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. §§ 64.1200(d)(4) by delivering more than one advertisement or telemarketing message to residential or cellular telephone numbers while failing to identify "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

1

**Parties**

4. Plaintiff is a natural person who at all relevant times resided in St. Louis, Missouri.

5. Defendant is a marketing and lead generation real estate business headquartered in Los Angeles, California, and incorporated in Tennessee.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

7. Venue is proper before this Court under to 28 U.S.C. § 1391(b)(2) as Plaintiff resides in this district and a significant portion of the transactions giving rise to this action occurred in this district.

8. In particular, Defendant directed its text messages to Plaintiff's telephone in this district, and Plaintiff received Defendant's text messages in this district.

**Factual Allegations**

9. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(314) 750-XXXX.

10. Plaintiff uses his cellular telephone as his personal residential telephone numbers.

11. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

12. Plaintiff registered his cellular telephone number with the DNC Registry in February 2008, and has maintained that registration through the present date.

2

13. Beginning in August 2022, Plaintiff received numerous text messages from telephone number (314) 804-5723 on his cellular telephone:



14. Plaintiff did not recognize the sender, is not selling his home, is not looking to sell his home, and does not own a home at 7443 General Sherman Ln., as referenced by telephone number (314) 804-5723.

15. Plaintiff subsequently attempted to obtain more information to identify the sender of these unwanted text messages:

3



16. Plaintiff estimates that he has received at least seven text messages from telephone number (314) 804-5723.

17. The website for realteeoffers.com fails to identify any legal entity responsible for the website, its mobile terms and conditions, or its privacy policy.[1]

18. However, when visiting realteeoffers.com, users are confronted by a chat application purporting to be from "RocketOffr":

---

[1] *See generally* https://www.realteeoffers.com/home-page1645760540647 (last visited October 4, 2022).

4



19. Accordingly, upon information and good faith belief, and in light of the timing, content, and context of the text messages and website links associated with telephone number (314) 804-5723, Defendant delivered, or caused to be delivered, the subject text messages to Plaintiff's cellular telephone number.

20. Plaintiff did not give Defendant prior express consent or prior express written consent to send text messages to his cellular telephone number.

21. The text messages at issue were sent for non-emergency purposes.

22. Upon information and good faith belief, the text messages at issue were sent voluntarily.

23. The purpose of the text messages at issue was to advertise and to market Defendant's business or services.

24. However, upon information and belief, Defendant also collects consumer data and resells that information to investors for potential resale or renting.

25. As a result, Defendant either (1) solicited Plaintiff to sell his home to it at a discount in order for Defendant to resell or rent Plaintiff's home, or (2) solicited Plaintiff to submit his

information to Defendant's lead generation service and use Defendant's lead generation services, which Defendant would then sell to investors for a profit.

26. Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing text messages to his cellular telephone number.

27. Plaintiff suffered actual harm as a result of the text messages at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

28. Plaintiff suffered additional harm due to his frustration and difficulty in identifying the entity and persons responsible for the unwanted advertisement or marketing text messages to his cellular telephone number.

29. Upon information and good faith belief, Defendant uses an automatic telephone dialing system to send text messages, absent prior express consent or prior express written consent, to telephone numbers assigned to a cellular telephone service.

30. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered his cellular telephone number with the DNC Registry.

## Class Action Allegations

31. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom RocketOffr, LLC delivered, or caused to be delivered, more than one text message within a 12-month period, promoting RocketOffr, LLC's or its business partners' goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before RocketOffr, LLC delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

**Sender Identification Class:**

>All persons and entities throughout the United States (1) to whom RocketOffr, LLC delivered, or caused to be delivered, more than one text message within a 12-month period, promoting RocketOffr, LLC's or its business partners' goods or services, (2) where the subject text messages did not state the name of the individual caller, the name of RocketOffr, LLC, and a telephone number or address at which RocketOffr, LLC may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

32. Excluded from the classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

33. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

34. The exact number of members of the classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

35. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

36. In addition, the members of the classes are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

37. Plaintiff's claims are typical of the claims of the members of the classes.

38. As it did for all members of the Federal Do-Not-Call Registry Class, Defendant delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered his cellular telephone number with the DNC Registry.

39. As it did for all members of the Sender Identification Class, Defendant delivered solicitation text messages to Plaintiff's telephone number where the subject text messages did not

state the name of the individual caller, the name of RocketOffr, LLC, and a telephone number or address at which it may be contacted.

40. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

41. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

42. Plaintiff suffered the same injuries as the members of the classes.

43. Plaintiff will fairly and adequately protect the interests of the members of the classes.

44. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

45. Plaintiff will vigorously pursue the claims of the members of the classes.

46. Plaintiff has retained counsel experienced and competent in class action litigation.

47. Plaintiff's counsel will vigorously pursue this matter.

48. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

49. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

50. Issues of law and fact common to all members of the classes are:

    a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

  b. For the Federal Do-Not-Call Registry Class, Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

  c. For the Sender Identification Class, Defendant's practice of delivering text messages, for solicitation purposes, without identifying the name of the individual caller, the name of RocketOffr, LLC, and a telephone number or address at which Defendant may be contacted;

  d. Defendant's violations of the TCPA; and

  e. The availability of statutory penalties.

51. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

52. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

53. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

54. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

55. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

9

56. The damages suffered by the individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

57. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

58. There will be no extraordinary difficulty in the management of this action as a class action.

59. Defendant acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Federal Do-Not-Call Registry Class**

60. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-59.

61. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

62. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

63. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

64. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

65. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

66. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

67. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Sender Identification Class**

68. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-59.

69. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

70. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at § 64.1200(d)(4).

71. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

72. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

73. Defendant violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

74. Defendant therefore violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Sender Identification Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200(d)(4).

75. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiff, and the members of the Sender Identification Class, are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e. Enjoining Defendant from continuing their violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f. Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g. Awarding Plaintiff and the members of the classes treble damages under 47 U.S.C. § 227(c)(5)(C);

h. Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

     i.     Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

     j.     Awarding such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: October 4, 2022

*/s/ Alex D. Kruzyk*
Alex D. Kruzyk
E.D. Mo. Bar No. 24117430(TX)
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tele: (561) 726-8444
akruzyk@pkglegal.com

*Counsel for Plaintiff and the proposed classes*